**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3578

_____

| | |
|---|---|
| Bruce Ring,                  * | |
|        * | |
|     Appellant,       * | |
|        * | |
|   v.            * | Appeal from the United States |
|        * | District Court for the |
| Federal National Mortgage    * | Eastern District of Missouri |
| Association, a Corporation;  * | |
| First Interstate Commercial  * | [UNPUBLISHED] |
| Mortgage Company, A         * | |
| Corporation; Prentis Hall    * | |
| Corporation Systems,        * | |
|        * | |
|     Appellees.       * | |

_____

Submitted: June 12, 1997

Filed: September 5, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, BEEZER[1] and WOLLMAN,
Circuit Judges.

_____

Beezer, Circuit Judge.

Bruce Ring appeals the district court's grant of summary
judgment in favor of defendants Federal National Mortgage
Association ("FNMA") and First Interstate Bank ("FIB").  Alleging
discrimination in lending, Ring sued FNMA and FIB under the Fair
Housing Act.  Because the parties are familiar with the underlying
facts, we do not describe them except as necessary.  We have
jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

_____

[1]The Honorable Robert R. Beezer, United States Circuit Judge
for the Ninth Circuit, sitting by designation.

I

Ring challenges the district court's grant of summary judgment to defendants. We may affirm summary judgment on any basis supported by the record. United States v. Lohman, 74 F.3d 863, 866 (8th Cir.), cert. denied, 116 S. Ct. 2549 (1996). We affirm the district court's grant of summary judgment because Ring failed to submit an application for a loan.[2]

II

Ring also claims that the district court should have granted him leave to amend his complaint. Given Ring's numerous previous amendments, the facial inadequacy of his proposed amendment and the prejudice accrued to FNMA and FIB, the district court was within its discretion to deny Ring leave to amend. See Pulla v. Amoco Oil Co., 72 F.3d 648, 658 (8th Cir. 1995).

III

Because we affirm the grant of summary judgment, we do not reverse the award of costs to FNMA.

AFFIRMED

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Because we affirm on this ground, we need not consider whether Ring's suit was time-barred or whether Ring failed to show that he was qualified for FNMA financing.